R. F. ADAMS, plaintiff in error vs. EDMUND H. WORRILL, defendant in error.

To make one a "claimant" of the property, within the meaning of section 5 of the Act of October 13, 1870, so as to be permitted to file the counter-affidavit there provided for, he must put in a claim to the property, under the claim laws of this State.

Relief Act of 1870. Tax-affidavit. Claim. Before Judge HARRELL. Stewart Superior Court. April Term, 1872.

An execution in favor of Edmund H. Worrill against Charles B. Adams, administrator, and Holland Adams, administratrix of Samuel Adams, deceased, for $1,955 35, principal, and $600 61, interest, based upon a contract created before June 1st, 1865, was levied upon certain real estate, as the property of defendants in execution. R. F. Adams filed an affidavit that he claimed the property levied on, and that all legal taxes chargeable by law on said execution had not been paid. When the case was called in the Superior Court the plaintiff in execution moved to dismiss said affidavit, on the ground that there was no evidence that said affiant was a claimant of said property. The Court sustained the motion and dismissed the affidavit.

R. F. Adams excepted to said ruling and assigns the same as error.

BEALL & TUCKER, for plaintiff in error.

H. FIELDER; S. G. RAIFORD, for defendant.

McCay, Judge.

It is our judgment that the word "claimant," used in the fifth section of the Act of October 13th, 1870, means one who has put in a "*claim*" to property levied on under an execution, as provided by our claim laws.   That is the technical meaning of the word in this State, when used in the connection in which it is used in the section referred to.   The object of the Act was to give the "claimant," in case property was levied on and claimed under an execution founded on a debt contracted before June, 1865, the same right to attack the *fi. fa.* for want of the payment of taxes as the defendant had.   But to do this he must be a claimant.   He must have put in his claim as the law requires.   It is only when this has been done that he can be recognized as a claimant.   Until he thus becomes a party to the proceedings he is only a stranger, and has no rights or interest in the matter.

Judgment affirmed..